# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF TEXAS

Joe Hunsinger
  Plaintiff Pro-Se'

Case No:

V.

**Civil Rights Violation Complaint**
**Jury Trial Demanded**

SCOTT PARNELL & ASSOCIATES PC.
JUDITH MORGAN
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
MICHAEL J. SCOTT, PC.
LIBERTY MUTUAL INSURANCE COMPANY

3-15CV2134-B

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND DEMAND FOR JURY TRIAL

**Comes now** the Plaintiff Joe Hunsinger :

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* (hereafter FDCPA), the Texas Debt Collection Practices Act, Texas Finance Code Chapter 392 (hereafter TFC) and the Texas Business and Commerce code, Subchapter E, Chapter 17, (DTPA), to obtain statutory damages, injunctive relief, declaratory relief, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. At all times hereinafter mentioned. The Plaintiff is a resident of Dallas County, State of Texas. From here forward Joe Hunsinger, will be known as the Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. §1692k(d)* and which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 USC *§*1331, 1337(a), and 1367.

## PARTIES

3 Plaintiff is a consumer as defined by the FDCPA, 15 USC 1692a(3), the Texas Business and Commerce Code section §17.50(a)(1), and Texas Finance Code §392.001(1). Plaintiff was subject to debt collection activity as defined in TFC Section 392.001(5) on a consumer debt, as defined in the FDCPA 15 USC 1692(a)(5) and in TFC Section 392.001(2) in this matter.

PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL          1

4       Defendant Scott Parnell & Associates PC. (hereafter Scott) is a Texas professional corporation and is a third party debt collector and conducts business in the state of Texas and is in the business of collecting consumer debt by using the mail, telephone and by filing lawsuits throughout the state of Texas. Defendant Scott is a debt collector as defined in FDCPA 1692(a)(6) and in TFC 392.001(6). Defendant Scott has a surety bond with the Secretary of the State of Texas, bond No. 106100553. Defendant Scott can be served by their registered agent National Registered Agents Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201.

5       Defendant Judith Morgan (hereafter Morgan) is a debt collection attorney in Texas and is in the business of collecting consumer debt by using the mail, telephone and by filing lawsuits throughout the state of Texas for Defendant Scott. Morgan is debt collector as defined in FDCPA 1692(a)(6) and TFC 392.001(6).

6       Defendant Morgan is also a "third-party debt collector" as defined by TFC 392.001(7) and participated in collection activity against the Plaintiff in a consumer debt as defined in 1692(a)(5) and TFC 392.001(5), and as defined in TFC 392.001(2). Defendant Morgan can be served at her place of employment at 1120 Metrocrest Dr., Suite 100 in Carrollton, Texas 75006.

7       Defendant Travelers Casualty & Surety Company of America, (hereafter Travelers), is upon information and belief, a Connecticut insurance company. Travelers is liable for acts committed by Defendant Scott pursuant to, and to the extent provided by, Chapter 392 of the TFC and bond secured pursuant thereto, as well any other applicable law. Defendant Travelers can be served upon their attorney for service Corporation Service Company, 211 East 7th Street #620, Austin, Texas 78701. See Exhibit No. 1

8       Defendant Michael J. Scott, PC. (hereafter Mr. Scott) is a Texas professional corporation and is a third party debt collector and conducts business in the state of Texas and is in the business of collecting consumer debt by using the mail, telephone and by filing lawsuits throughout the state of Texas. Defendant Scott is a debt collector as defined in FDCPA 1692(a)(6) and in TFC 392.001(6). Defendant Scott has a surety bond with the Secretary of the State of Texas, bond No. 106100553. Defendant Scott can be served by their registered agent National Registered Agents Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201.

9       Defendant Liberty Mutual Insurance Company, (hereafter Mutual), is upon information and belief, a Massachusetts insurance company. Mutual is liable for acts committed by Defendant Mr. Scott pursuant to, and to the extent provided by, Chapter 392 of the TFC and bond secured pursuant thereto, as well any other applicable law. Defendant Mutual can be served upon their attorney for service Corporation Service Company, 211 East 7th Street #620, Austin, Texas 78701. See Exhibit No. 2

## INTRODUCTION

10      On 10-28-2013 the Plaintiff received a collection letter from Nelson, Watson & Associates, LLC., they were attempting to collect a debt in an amount of $2415.54 for account ending in 3879. The debt was disputed and debt validation was requested. The debt was not validated, however, they obeyed the law by ceasing collection activity.
See Exhibit No. 3.

11      On 3-14-2014 the Plaintiff received a collection letter from Defendant Scott who was attempting to collect and unpaid balance of $2415.54. On 6-12-2014 Defendant Scott filed a lawsuit against the Plaintiff on behalf of Capital One Bank in small claims court, Justice of the Peace 5-2, demanding $2415.54 in Cause No. JX14-00301P. See Exhibit No. 4 and 5 (two pages).

12      In early August of 2014 the Plaintiff called Defendant Scott and spoke with an employee, debt collector, of Defendant Scott. Defendant Scott attempted to collect 2551.54 from the Plaintiff.

12      Defendant Scott then stated that they would settle the lawsuit for $2204.79. A few days later the Plaintiff received a "Settlement Agreement" dated 7-8-2014, for $2204.79, already signed with the digital signature of attorney Michael J. Scott on it. The Settlement Agreement offer stated that $2551.54 was unpaid balance due on Plaintiff's account. The Settlement Letter also stated that if the Plaintiff had up to 7-18-2014 to respond to their settlement offer. See Exhibit No. 6 (three pages).

PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL         3

14   On or about 7-7-2014 the Plaintiff filed his answer to the Court of the Justice of the Peace. See Exhibit No. 7.

15   Plaintiff hired attorney Tom Tomas to represent him in the pending matter in the small claims court.

16   Plaintiff sent his debt validation request, letters dating 8-11-2015, to Capital One Bank and the Defendant Scott. Plaintiff received a response from Capital One Bank from a letter dated 8-19-2014. Capital One Bank stated that they investigated Plaintiff's dispute and found the balance of $2551.54 to be the correct balance due as of 08/19/2015.
See Exhibit No. 8 and 9 (two pages).

17   Plaintiff received a debt "response" from Defendant Scott in a letter dated 8-14-2015 from his debt validation letter. Defendant Scott acknowledged receiving Plaintiff's debt dispute validation request but stated that for them to properly address Plaintiff's concern, that they would need more information in writing about the nature of Plaintiff's dispute. Defendant Scott cease collection activity and did not investigate Plaintiff's letter disputing the debt.
See Exhibit No. 10 and 11.

18   Plaintiff debt validation request had the debtor's name and address, the last four numbers of the account, the amount monies that was disputed. Plaintiff's debt validation request letter even gave notice to Defendant Scott that if they are going to continue to attempt to collect on the debt, that they must conduct an investigation and send the results back the to the Plaintiff. See Exhibit No. 10.

19   Defendant Scott refused to conduct an investigation on Plaintiff's account after receiving a debt validation letter from the Plaintiff while in the process of collecting a debt from the Plaintiff in an ongoing lawsuit filed by the Defendant. See Exhibit No. 11.

20   Defendant Scott did not send notice to the Plaintiff that they would need more time to conduct an investigation to Plaintiff's debt validation request.

21    Plaintiff's rights have been violated because Defendant Scott and Morgan should have done a better job representing their client. Defendant Scott and Morgan should have spent more time reviewing underlying documents, drafting or "carefully" reviewing the complaint and conducting a reasonable inquiry into the merits of a case and a debt validation request made by the Plaintiff. Instead Defendant Scott and Morgan participated in "false, deceptive, and/or misleading representations."

22    Just off the bat, How does a balance due go up $136.00 dollars in a couple of days? This is what happened to the Plaintiff and no investigation was done on part of Defendants Scott and Morgan.

23    In the past Plaintiff received a letter from debt collector Nelson, Watson & Associates, LLC. who attempted to collect $2415.54 from the Plaintiff in a letter dated 10-28-2013. Then about five months later Defendant Scott attempts to collect the same amount, $2415.54 in a letter dated 3-14-2014.

24    Again, Defendant Scott brought action against the Plaintiff in small claims court on 6-12, 2014 demanding $2415.54. Less than 60 days later, Defendant Scott and Morgan increased the alleged amount due by $136.00. Defendants Scott and Morgan increased the alleged balance due over by over an annual interest rate agreed to between the Plaintiff and the original creditor. Defendant Scott stated in his small claims petition that they were not seeking ongoing interest. See Exhibit No. 5.

25    On 8-27-2015 Defendant Morgan, while working for Defendant Scott and/or Mr. Scott, continued collection activity against the Plaintiff ***and represented*** to the clerk of court, the Judge Jasso, and others Plaintiff's debt while it was in dispute, without validating a disputed debt, when she submitted an Agreed Motion for Continuance to the small claims court stating more time was needed to retrieve necessary documents in the Case. See Exhibit No. 13.

26    Did Defendant Morgan actually retrieve more documents or submit the Motion for Continuance for purpose of delay, violate Plaintiffs rights, or bring fraud upon the small claims court?

PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL    5

27    The only documents Plaintiff received through the discovery request of 224 pages of accounting records received through his counsel on 12-12-2014. The discovery records show the full account number and show that the records were generated on 9-27-2013, showing a charged off balance on the account for $2415.54. See page 2 of Exhibit No. 12.

28    Defendant Mr. Scott violated the statues of the FDCPA by abusing the Plaintiff in connection with the collection of a debt, made misleading representation or means in connection with the collection of a debt or to settle a debt, used unfair or unconscionable means to collect a debt, and designed, compiled and furnished deceptive forms to collect a debt, when Mr. Scott was not to be participating in the small claims action against the Plaintiff.
See exhibit No. 13.

29    Defendant Mr. Scott violated statues of the TFC by ceasing collection activity on a disputed debt, Notify Plaintiff he needed 30 days to verify the accuracy of a debt, deny or admit the inaccuracy, state that he did not have sufficient time to investigate a debt dispute, but continued its collection activity without sending results of the investigation to the Plaintiff.
See exhibit No. 13.

30    Defendant Mr. Scott represented to the clerk of JP 5-2, Judge Jasso, and other unknown person that the Plaintiff was refusing to pay a debt that was disputed in writing.
See exhibit No. 13.

31    Defendant Mr. Scott attempted to collect money, interest, money in a judicial action in small claims court, collect a fee and increase fees in a judicial decision.
See exhibit No. 13.

32    Defendant Mr. Scott attempted to collect interest or a charge, fee or expense that was not authorized by the agreement creating the obligation.
See exhibit No. 13.

33    Defendant Mr. Scott failed to maintain a list of all persons whom attempted to collect a debt, falsely represented information or something of value in order to solicit or discover

information about the consumer, failed to disclose clearly that the debt has been assigned or is owed when making a demand, for money in a settlement from the Plaintiff.
See exhibit No. 13.

34   Defendant Mr. Scott failed to disclose that the communication is an attempt to collect a debt, that the communication id from a debt collector, and falsely represented the nature of services rendered by the debt collector's business to the Plaintiff.
See exhibit No. 13.

35   Defendant Mr. Scott used his firm as a subterfuge organization against the Plaintiff.
See exhibit No. 13.

36   Defendant Morgan did not spend enough time reviewing underlying documents, drafting or "carefully" reviewing the complaint. Defendant Morgan did not conduct a reasonable inquiry into the merits of the case and did not conduct or send the results of an investigation after receiving Plaintiff's debt validation request, dated 8-11-2015. Plaintiff's debt validation request was made a few days earlier of Defendant Morgan motion to the small claims court.
See Exhibit No. 13.

37   A trial date was set for 4-10-2015 and Plaintiff's attorney represented him in that pending matter at the time. At the trial, in front of Judge Jasso, the bailiff, Plaintiff's attorney, and others, Defendant Scott and Morgan continued collection activity against the Plaintiff without conducting an investigation from his letter requesting debt validation and attempted to collect $2415.54 from the Plaintiff and submitted and order for the court demanding $2415.54 in a document, dated 4-10-2015. This Document, called Final Judgment, was created by Defendant Scott and shows Defendant Scott's file number NAN-557041, written on it.

38   At trial on 4-10-2014 Defendant Scott and Morgan attempted to collect a debt from the Plaintiff by using another name than that was appearing on the face of the credit card while engaged in the collection of a credit card debt. In Defendant Scott's small claims petition in the DETAILS ABOUT PLAINTIFF'S CLAIM area, box No. 12, ask for the Name/Account Name.

PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL        7

But Defendant Scott wrote wrote in "Unknown" where as he should have known the name or the account name when filing a suit for a client.  See page 2 of exhibit 5.

39   Defendants also checked a box stating he was not seeking ongoing interest.  If Defendants were not seeking ongoing interes, then the Defendant Scot and Morgan conspired to add illegal fees not allowed by law against the Plaintiff.

40   Defendants Scott and Morgan violated Plaintiff's rights at trial on 6-12-2015 by not reviewing underlying debtor information such as the underlying contract and or client file.

41   Defendants Scott and Morgan did not review their own files when attempting to collect a debt from the Plaintiff on 6-12-2015.  Defendants Scott and Morgan small claims court action was a ministerial review of the accuracy of certain aspects of the complaint without any reasonable inquiry or exercise of professional judgment that lacked meaningful attorney involvement.

42   Defendant Scott and Morgan participated together in an unlawful scheme to coerce payment from the Plaintiff by engaging in the following covert actions: (a) misrepresenting the amount due on a debt in a small claims court action; (b) stating a different name than that the name appearing on the face of the credit card while engaged in the collection of credit card debt.  See Exhibit No. 5 (2 pages) and 15; (c) by attempting to collect interest, fees, and/or other expenses incidental to the primary obligation that were not authorized by agreement or by law.  See Exhibit No. 3, 4, 5, and 11.

43   If Defendants Scott and Morgan deny attempting to collect interest, fees or other incidental expenses.  If, and I mean *if*, then the original creditor added the extra "fees" and told Defendants Scott and Morgan $2551.54 was the amount of the debt, then Defendants Scott and Morgan went along with the balance they were told without looking into the merits of the debt.  This scenario is possible, taking in consideration Capital One Bank had to pay $165 million in refunds and penalties and refund two million customers who were misled, according to the Consumer Financial Protection Bureau.  See Exhibit 16.

44   Or Defendants Scott and Morgan added the "fees" to Plaintiff's account and notified the original creditor of the newly increased balance. This is possible, because this is not the first time Defendants Scott and Morgan have had their hand caught in the cookie jar.

45   In and around June and July of 2014 Defendant Scott has lacked any meaningful involvement in in several lawsuits filed in Dallas County. Most of these lawsuits, on behalf of National Collegiate Student loan Trust (and similar names), have been dismissed for want of prosecution or in some cases, or were just simply dismissed without prejudice, or Defendant Scott was replaced by another firm.

46   In one case, for example, Defendant Scott sued and received an all too famous Final *Default* Judgment from Tony West. Then, in a strange turn of events, Defendant Scott submits a Notice of Satisfaction of Judgment and Release of Judgment. The Release states in part; "Plaintiff hereby waives all amounts, if any, not yet recovered from the Defendant and informs the Court that the judgment has been, in all respects, satisfied."
See Exhibit 17 and 18.

47   As of now, Defendant Scott is being sued by others numerous times in Federal Court for allegedly misstating balance amounts, and by actually taking actions that could not legally be taken in the name of "National Collegiate Student Loan Trust 2006-3" because: (a) NCSLT 2006-3 does not have the legal capacity to sue in Texas; (b) the Wilmington Trust Company did not authorize the State Court Action and did not retain Scott to represent NCSLT 2006-3; and (c) NCSLT 2006-3 is not registered as a foreign business entity with the Secretary of State of the State of Texas.

48   The foregoing acts and omissions of the Defendants Scott and Morgan were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

49   The foregoing acts and omissions of the Defendants Scott and Morgan were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

50   As a proximate result of the foregoing acts and omissions of the Defendants, the Plaintiff was forced to retain legal counsel to defend his interest in the small claims court action and has suffered actual damages in the amount of attorney's fees paid to counsel for said defense. Additionally, Plaintiff has suffered actual damages and injury, including but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial. All of Defendants actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendants in their collection attempts are to be interpreted under the "unsophisticated consumer" standard.

51   Plaintiff notified the Defendant Scott about the statutory violations for the differences in the monetary amounts attempted to collect from the Plaintiff and their continued collection activity against the Plaintiff, when Defendant Scott did not send results of an investigation on a disputed debt. Plaintiff attempted to open up the lines of communication on this matter without going to court. But no response was received from the Defendant.

52   Defendant Scott, Morgan and Mr. Scott violated the TDTPA. TFC 392.404(a) provides that a violation of the TDCA is a violation of the Texas Deceptive Trades Practices Act.

## CAUSE OF ACTION ONE
## AGAINST DEFENDANT SCOTT UNDER FDCPA

53   Plaintiff repeats and re-alleges each and every allegation contained above.

54   Defendant Scott violated FDCPA 1692e.   See ¶ 11, 21, 40, and 41

## CAUSE OF ACTON TWO
## AGAINST DEFENDANT SCOTT UNDER THE TFC

55   Plaintiff repeats and re-alleges each and every allegation.

56   Defendant Scott violated Texas Finance Code:

57   §392.202(a).  See ¶ 17, 18, 19, and 37

58   §392.202(b).  See ¶ 17, 18, 19, and 37

59   §392.202(b)(1). See ¶ 17, 18, 20, and 37

60   §392.202(b)(2). See ¶ 17, 18, 20, and 37

61   §392.202(b)(3). See ¶ 17, 20, and 37

62   §392.202(e). See ¶ 17, 18, 19, and 37

63   §392.301(3). See ¶ 25 and 37

64   §392.303(2) See ¶ 12, 13, 22, and 24

65   §392.304(a)(1)(B). See ¶ 38

66   §392.304(a)(8). See ¶ 12, 13, 16, 22, 24, and 44

67   §392.304(a)(12). See ¶ 12, 13, 24, 43, and 45

68   §392.304(a)(13). See ¶ 12 and 13

69   §392.304(a)(19). See ¶ 12, 13, 17, 18, 19, 20, 22, 27, 38, 39, 42, 43, 45, 48, and 49

70   §392.404(a). See ¶ 52 and Introduction

## CAUSE OF ACTION THREE
## AGAINST MORGAN FOR VIOLATIONS OF THE FDCPA

71   Plaintiff repeats and re-alleges each and every allegation.

72   Defendant Morgan violated FDCPA 1692e. See ¶ 37, 40, and 41

## CAUSE OF ACTION FOUR
## AGAINST MORGAN FOR VIOLATIONS OF THE TFC

73   Plaintiff repeats and re-alleges each and every allegation.

74   Defendant Morgan violated Texas Finance Code:

75   §392.202(a). See ¶ 25 and 37

76   §392.202(b). See ¶ 25 and 37

77   §392.202(b)(1). See ¶ 25 and 37

78   §392.202(b)(2).  See ¶ 25 and 37

79   §392.202(b)(3). See ¶ 25 and 37

80   §392.202(e).  See ¶ 25 and 37

81   §392.301(3).  See ¶ 25 and 37

82   §392.303(2).  See ¶ 25

83   §392.304(a)(2).  See ¶ 25, 37, and 41

84   §392.304(a)(1)(B).   See ¶ 38

85   §392.304(a)(8).  See ¶ 25, 37, 44

86   §392.304(a)(12).  See ¶ 25, 37, 43, and 45

87   §392.304(a)(13).   See ¶ 12 and 13

88   §392.304(a)(19).   See ¶ 25, 26, 27, 37, 38, 39, 42, 43, 45, 47, 48, and 49

89   §392.404(a).  See ¶ 52 and <u>Introduction</u>

## CAUSE OF ACTION FIVE
## AGAINST MORGAN FOR VIOLATIONS OF THE FDCPA

90   Plaintiff repeats and re-alleges each and every allegation.

91   Defendant Morgan violated FDCPA § 1692d, § 1692e, § 1692f, and § 1692j See ¶ 28

## CAUSE OF ACTION SIX
## AGAINST MR. SCOTT FOR VIOLATIONS OF THE TFC

92   Plaintiff repeats and re-alleges each and every allegation.

93   Defendant Mr. Scott violated Texas Finance Code:

| | | |
|---|---|---|
| 94 | §392.202(a). | See ¶ 29 |
| 95 | §392.202(b). | See ¶ 29 |
| 96 | §392.202(b)(1). | See ¶ 29 |
| 97 | §392.202(b)(2). | See ¶ 29 |
| 98 | §392.202(b)(3). | See ¶ 29 |
| 99 | §392.202(e). | See ¶ 29 |
| 100 | §392.301(3). | See ¶ 30 |
| 101 | §392.303(2). | See ¶ 30 |
| 102 | §392.304(a)(1)(B). | See ¶ 30 |
| 103 | §392.304(a)(8). | See ¶ 30 |
| 104 | §392.304(a)(12). | See ¶ 30 |
| 105 | §392.303(a). | See ¶ 32 |
| 106 | §392.304(a)(2). | See ¶ 33 |
| 107 | §392.304(a)(3). | See ¶ 33 |
| 108 | §392.304(a)(4). | See ¶ 33 |
| 109 | §392.304(a)(5)(A). | See ¶ 34 |
| 110 | §392.304(a)(5)(B). | See ¶ 34 |
| 111 | §392.304(a)(14). | See ¶ 34 |
| 112 | §392.304(a)(18). | See ¶ 35 |
| 113 | §392.404(a). | See ¶ 52 and <u>Introduction</u> |

## CAUSE OF ACTION SEVEN
## AGAINST DEFENDANTS SCOTT AND MORGAN UNDER THE DTPA
## FOR FALSE, MISLEADING, AND DECEPTIVE ACTS AND PRACTICES

114   Plaintiff repeats and re-alleges each and every allegation.

115   Defendants Scott, Morgan, and Mr. Scott in the course of acts and/or omissions as alleged above, have in the course of trade and commerce engaged in false, misleading, and deceptive acts and practices declared unlawful in §17.46(a) and §§17.46(b) of the DTPA. Such acts include:

> A. Engaging in false, misleading, or deceptive acts in the conduct of any trade or commerce, as alleged more specifically herein, in violation of § 17.46(a) of the DTPA;
>
> B. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, as alleged more specifically herein, in violation of § 17.46(b)(2) of the DTPA;
>
> C. Causing confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another, as alleged more specifically herein, in violation of §17.46(b)(3) of the DTPA;
>
> D. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve or which are prohibited by law as set forth herein in violation of § 17.46(b)(12) of the DTPA.

## CAUSE OF ACTION EIGHT
## JOINT AND SEVERAL LIABILITY REGARDING THIRD PARTY DEBT COLLECTORS
## AND THEIR BONDING INSURANCE

116   Plaintiff repeats and re-alleges each and every allegation.

117   Defendant Travelers is jointly and severally liable with Defendant Scott for all damages described herein, but only to the extent provided by Chapter 392 of the Texas Finance Code and a bond secured pursuant to that chapter (in which Travelers is the surety and Scott is the principal).

118    Defendant Mutual is jointly and severally liable with Defendant Mr. Scott for all damages described herein, but only to the extent provided by Chapter 392 of the Texas Finance Code and a bond secured pursuant to that chapter (in which Mutual is the surety and Mr. Scott is the principal).

## CAUSE OF ACTION NINE
## PERMANENT INJUNCTION AND JURY TRIAL DEMAND

119    Plaintiff repeats and re-alleges each and every allegation.

120    Defendants Scott, Morgan, and Mr. Scott have engaged in the unlawful acts and practices described above. Unless restrained by this Honorable Court, Defendants will continue to violate the laws of the United States, State of Texas and cause damage to the citizens of the State of Texas and to the general public. Therefore, Plaintiff requests a Permanent Injunction and demands justice to be served as indicated below:

121    **WHEREFORE,** the Plaintiff repeats and re-alleges each and every allegation and has provided Plaintiff's Affidavit, exhibit 19, and demands that a jury of his peers;

A.    Enter a judgment in favor of Plaintiff and against Defendants for statutory damages, cost, and reasonable private attorney general fees as provided by 15 USC 1692K(a) and/or Texas Finance Code 392.403.

B.    Order Defendants Scott to release Plaintiff from the Final Judgment from:
   1. Cause Number and Court: JX14-00301P, , In the Justice Court, Precinct 5, Place 2

C.    Grand all other relief to which Plaintiff may be justly entitled.

D.    Adjudge against Defendants, jointly and severally, civil penalties in favor of Plaintiff, Joe Hunsinger, per violation of the TFC;

E.    Order Defendants to stop misrepresenting the character, extent, or amount of a consumer debt in violation of Tex. Fin. Code §392.304(a)(8);

F.    Order Defendants to stop other charges if a written contract or statute does not authorize the additional fees or charges in violation of Tex. Fin. Code §392.304(a)(12);

G. Order Defendants to stop using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer in violation of Tex. Fin. Code §392.304(a)(19);

Respectfully submitted June 24, 2015

                                                    Joe Hunsinger
                                                    Plaintiff Pro-Se
                                                    7216 C.F. Hawn Frwy.
                                                    Dallas, Texas  75217
                                                    Joe75217@gmail.com

## VERIFICATION OF COMPLAINT

STATE OF TEXAS

DALLAS COUNTY

    Plaintiff, JOE HUNSINGER, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose and I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided in in PLAINTIFF AFFIDAVIT IN SUPPORT OF PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL which has been attached to this Complaint is a true and correct copy of the original.
7. Except for Clearly indicated redactions made by myself where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 USC § 1746(2), I, JOE HUNSINGER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

This declaration was executed on June __24__, 2015 in Dallas, Texas.

_____
Joe Hunsinger

Witnessed, my hand and official seal.

_____

My Commission Expires: _1-4-16_

JOSE LARA
Notary Public, State of Texas
My Commission Expires
January 04, 2016

(THIS AREA INTENDED FOR THE NOTARIAL SEAL)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing has been served upon the Defendants via process server or certified mail with Waiver of Service and Notice of A Lawsuit And Request to Waive Summons.

June 24, 2015

Joe Hunsinger
Plaintiff Pro-Se
7216 C.F. Hawn Frwy.
Dallas, Texas 75217
Joe75217@gmail.com

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joe Hunsinger

### DEFENDANTS
Scott, Parnell & Associates, PC et al

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED JUN 25 2015 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

3-15CV2134-B

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause: Statutory Violations of the FDCPA & TFC

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 6-25-2015
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____